MARTIN HIGGINS *vs.* MICHAEL MCDONNELL.

Under the *St.* of 1852, *c.* 312, § 2, *cl.* 9, a declaration on a written contract, stating its legal effect, is sufficient, without alleging it to be in writing or setting forth a copy.

ACTION OF CONTRACT, alleging that the defendant sold to the plaintiff a horse having a sore on one of his legs, and warranted

that he would recover from the bruise and his sore leg would be as good as the other within a reasonable time, and that this warranty had been broken.

In the superior court, the plaintiff gave in evidence a written warranty of the horse, describing him as having a bruise on one leg, which the defendant warranted " to recover from the bruise to be as good as the other." The defendant contended that the action could not be maintained, because of a variance between the declaration and the proof, inasmuch as it appeared that the warranty was in writing, and yet the declaration did not set forth the written contract nor any part thereof, nor state any reason for not so doing, nor that the contract was in writing. But *Brigham*, J., at the trial, and THIS COURT on exceptions, held that there was no variance, and that as the declaration set forth the legal effect of the contract, it was sufficient under *St.* 1852, c. 312, § 2, *cl.* 9.                     *Exceptions overruled.*

*S. L. Plummer*, for the defendant.

*T. L. Wakefield*, for the plaintiff.